## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Troy O'Quinn

August 18, 1992

Case No. (Criminal) 74893

BY JUDGE GERALD BRUCE LEE

This letter is to respond to a request for reconsideration of the sentence imposed upon Mr. Troy O'Quinn on August 7, 1992. The request to reconsider the sentence imposed is denied.

Normally, I will not revisit a second time a sentencing in a case unless there is compelling reason to do so. In this case, I fully considered Mr. O'Quinn's personal history, military service, and his heroic effort to save lives in a tragic auto accident in connection with sentencing. I also considered in sentencing the quality of the evidence against Mr. O'Quinn at trial.

My recollection of the case is that Mr. O'Quinn carefully planned a commercial burglary of the safe of his former employer. A glass cutter, gloves, tape, and other implements were found near his home in a shopping bag from The Great American Cookie Company, Mr. O'Quinn's employer at the time of the burglary. Further evidence against Mr. O'Quinn was the uncontroverted testimony of Ms. Amy Warner, a co-worker, who testified that Mr. O'Quinn boasted of his plan to burglarize the store before and after the event. Mr. O'Quinn did not directly challenge Ms. Wagner's testimony at trial. In addition, it was shown by the evidence that Mr. O'Quinn had the combination to the safe, had been in the area prior to the burglary, and was in need of funds to repair his car. In any event, I was convinced beyond a reasonable doubt that Mr. O'Quinn was guilty of the offenses charged.

Mr. O'Quinn had a good job and military training prior to the commission of this offense. It is tragic that Mr. O'Quinn committed this offense and ended up in the criminal justice system. However, merchants reasonably rely upon the criminal justice system to punish those who steal and abuse positions of trust. Trying to fashion an appropriate sentence in this case was given careful consideration.

I considered the Virginia Sentencing Guidelines in formulating an appropriate sentence in this case. As I understand it, the Sentencing Guidelines represent the middle fifty percent of what judges around the state have sentenced in average cases. This means that the Guidelines do not take into account the cases with aggravating factors or cases where judges go above or below in particular cases. The guidelines are voluntary and not binding on the judge.

The reasons for my sentence in this case include the fact that Mr. O'Quinn was a former employee of the Hahn's Shoe Store and was trusted with the combination to the safe. I considered Mr. O'Quinn's abuse of trust in formulating the sentence. I was persuaded that some incarceration was warranted in this commercial burglary case because of the serious nature of the crime and the degree of planning and deliberation involved.

The probation officer recommended the Community Diversion Incentive Program for Mr. O'Quinn, and I was inclined to allow Mr. O'Quinn to enter the program, and counsel rejected the program as an alternative to incarceration.

I thought long and deliberately about what sentence was appropriate for Mr. O'Quinn, and when he rejected the CDIP Program, I was not prepared to suspend his sentence and grant straight probation. I just do not think Mr. O'Quinn, a person found guilty of a serious commercial burglary, should expect to walk into court and walk out with probation, first offense or not. As I understand the parole guidelines on four years, Mr. O'Quinn will probably serve his sentence in the Fairfax Jail.